Gentlemen, we have one case on our call. Our item is going to be 15 minutes for the appellant, 15 minutes for the appellee, 5 minutes in rebuttal. The only issue we're interested in is the McFadden issue. With the understanding the state has conceded that in the event that we affirm the unfinitional criminal, the other charge falls under one act, one crime. Okay counsel, are you ready? Let's go. May it please the court. My name is Patrick Cassidy, I'm a state file defender. I represent Mr. Juan Hernandez. The rule that decides this case was enunciated over 45 years ago by the United States Supreme Court. It was cited in Lewis, and it was reaffirmed last year in U.S. v. Bryant. And that rule is that an unconstitutional prior conviction cannot be used to prove the prior felony element of a recidivist statute, nor can it be used to impose a longer term of imprisonment for a subsequent conviction. This is the rule that controls here because it's undisputed in this case that the prior, one of the prior convictions here was a facially invalid conviction under the second amendment, and it was used to trigger a class X sentence under the unhabitual criminal statute. And so Mr. Hernandez is- Why isn't the unhabitual criminal statute nothing more than a status statute the same way that unlawful use of weapons by a felony is a status statute? Yes, your honor. Well, Lewis, and McFadden by adopting Lewis, adopted the distinction in Lewis between regulatory schemes, what Lewis called a firearm regulatory scheme, and punitive recidivist statutes, such as the unhabitual criminal statute or the armed career criminal act in federal law. What Lewis said was, if it's a regulatory scheme, then all that matters is the fact of the prior conviction at the time the defendant possessed the weapon. If he's got a prior conviction, then he did not have the lawful authority to possess that weapon, and he's guilty of the federal statute, and as McFadden said, our UWF statute, which McFadden said was essentially indistinguishable from the federal statute. McFadden explained that the document was explained in affirming Mr. McFadden's conviction that the UWF statute doesn't require a specific prior felony conviction, just the felon status, as your honor said. The armed habitual criminal statute is much different. It requires two specific prior felony convictions. Well, that's not too specific. Two prior felony convictions from a list of multiple felon convictions. Yes, your honor. Yes, your honor. And it does that because it wants to subject people convicted of one of these, two of these certain crimes, enumerated crimes, to a class X sentence, which would otherwise not be available, of course. So it's a punitive recidivist statute. That's reflected in its title, armed habitual criminal. It wants to be focused on people who in the past have committed multiple criminal acts, not acts that were in fact constitutionally protected under the Second Amendment. It's focused on habitual criminals. Can I ask you a question? Yes, your honor. How does your argument and your position in the arguments that were made in Perkins, in Faulkner, in Cohart, in McGee, and in Fields? I don't know if they're different. They're more developed in this case because we, I think, rely more on U.S.B. Bryant's reaffirmation of the rule, I think, applies here. Which argument has been rejected in every one of these cases? By my count, it's been rejected by 11 judges of this court in published things. That sounds correct, your honor. I think what I would say is I think only one case, perhaps, to even a cited Bryant. So I think that indicates that while the argument has been rejected, that maybe it needs a fuller airing, and I think this is a great occasion to give it a fuller airing. This is a punitive offense. This court stated in 2010 that the arbitrary criminal statute quote, demonstrates an unmistakable purpose to criminalize recidivist offenders, unquote. That's clear. Well, that triggers the Bryant rule, the Lewis rule, that prior felony conviction cannot be used to prove the prior felony element of a recidivist offense. And then a point I would like to make now that is not as developed as I would like it to have been in my brief, but it is cited there, is that the U.S. Supreme Court has already held that prior invalid convictions cannot be used for a statute just like the AHC. As I mentioned earlier, the federal law has a very similar statute, the Armed Career Criminal Act. It's a gun possession plus three prior convictions for certain enumerated offenses. So it's pretty similar to our statute except requiring a third prior. The U.S. Supreme Court has held that if one of those predicates is invalid under the Sixth Amendment, the Lewis exception does not apply, and that ACCA conviction will not stand. The court further held, and this is Kustis citing in my reply and recognized, that if a defendant subsequently got one of his prior convictions reversed in state court, he said he was convicted of the ACCA, but then it turns out he was innocent of one of the priors, he can go back to federal court and challenge his ACCA conviction and sentence and he will win. None of that would be possible if the Lewis exception, if the Lewis rule applied to recidivist statutes like the ACCA or the AHC in our state. And I believe, citing in our briefs, the AHC is recognized to be a counterpart or an analog to the ACCA. So the Supreme Court's decision in Kustis and in cases since then forecloses the state's argument here, and it recognizes this dichotomy between regulatory frameworks and punitive recidivist frameworks. And that makes sense. The unhabitual criminal statute does no regulatory work because all felons in this state are immediately disabled from possessing a gun upon their first felony. What the unhabitual criminal statute brings is stronger sentences for people who are habitual criminals, people who have recidivists who have shown they can't be, that can keep committing multiple criminal acts. So it stands to reason that the legislature wouldn't want to designate someone a habitual criminal based on prior acts that were not crimes, as one of the prior convictions in this case was not a crime under angle R. Can I ask you a question? Yes, ma'am. In looking at the unlawful use of a weapon by a felon statute and the unhabitual criminal statute, do you think that the statutes are similar or the statutes are different? In looking at the language of the aggravated unlawful use of a weapon, it says has been convicted, which to me implies something that happened in the past. And that's basically what Mr. Lewis and all the cases that have come out since say. But I don't think any of the current cases that have applied McFadden to the unhabitual criminal statute have talked about the language in the unhabitual criminal statute. And I think it says having been convicted. Do you think there's a distinction based upon the language that is used? There could be. For me, just because having been convicted to me means something that happened in the past and is continuing and is still valid at the time that it's being imposed. I hadn't thought of it that way, Your Honor, but I think it's possible. And I think McFadden, when he construed the UWF language conclusively, it construed it as being very similar to the federal statute. Well, they said it was broad and sweeping. And it really made no difference what the conviction was if you had the felons. Right. I think that's reflected in the comparison of these titles. Unlawful use of a weapon. By who? A felon. Armed habitual criminal. There's a distinct difference. I think the legislature would not want to impose class X sentences for people with prior convictions for, say, being married to the wrong type of person in some state. They don't have to go back to that state. To impose a greater sentence or a recidivist sentence based on prior convictions that violate the Constitution is, as Burgett said, to cause that person to, quote, suffer anew, unquote, the prior deprivation of rights. And I think the legislature of Illinois has to be presumed to be aware of Louis Burgett Tucker. And so they at minimum know under the armed habitual criminal statute that they cannot the predicates that are invalid for the reasons, you know, being a violation of the Gideon rights, they know that those can't be used. And that's what Brian says. That's what Ben's opinion is. Do you see anything ambiguous about the armed habitual criminal statute? I think we, I think, yes. What's ambiguous? Well, I think the ambiguity is reflected in our inability to interpret, to answer this question. Well, that doesn't mean it's ambiguous. We just don't agree with the interpretation if we apply McFadden. What's ambiguous about it? Well, for instance, Your Honor, we know from Louis Tucker and Burgett, we know that prior convictions that are invalid under the Sixth Amendment cannot be used under the armed habitual criminal statute. Let's try this. A person commits the offense of being an armed habitual criminal if he or she receives, sells, possesses, or transfers any firearm. Nothing ambiguous about that, is there? No, Your Honor. And having been convicted a total of two or more times of any combination of the following offenses. Nothing ambiguous about that, is there? No, Your Honor. And the offenses are listed up. Anything ambiguous about the offenses? No, Your Honor. So what's ambiguous about the statute? Well, maybe ambiguity isn't the right word. I mean, the thing is the unconstitutional would be unambiguous. That's true. So my question is, is there any ambiguity in the statute in your mind? As to who it applies to and what you've got to do in order to treat it. I would say that we would use a constitutional avoidance candidate. To say, look, the legislature was borrowing from the ACC. No, I don't dispute that. I will concede to you that a statute can be unambiguous and unconstitutional. My question is, do you see anything ambiguous about this statute? Well, I think. And who it applies to. I hadn't. But in response to Justice Plankton's, maybe I haven't focused on some of the wording of the had been versus. But I had not. I had not. Okay. Go ahead. But, sir, I do think the constitutional avoidance. We don't even need that. The legislature of Illinois knew about the ACCA offense. They were borrowing from it. They knew about Tucker and Lewis. So they knew they couldn't use predicate convictions for prior invalid offenses to trigger sentences under the ACC. Just as you cannot under the ACCA. And if there's any point that I want this Court to take away from this is that the U.S. Supreme Court has already answered this in regard to the ACCA. And I don't think our statute is any, is meaningfully different.  Thank you, Your Honor.  Thank you, Your Honor. May it please the Court. My name is John Nolak. I'm the Assistant State's Attorney. I represent the people of the State of Illinois in this case. Your Honors, there's essentially no difference between the armed habitual criminal statute and the UUW by a felon statute. There's a set of law in Illinois. And you look at the language. There is a difference. I mean, let's not say there's no difference. For the unlawful use of weapons by a felon statute, he nearly has to be convicted of any felony. And under the armed habitual criminal statute, he has to be convicted two times of certain felonies that fall within the list contained within the statute. Any felony won't do it. That's correct. That's correct, Your Honor. So there is a difference. There is a difference because there are specific felonies for armed habitual criminal. The crucial part of this is that the language in the armed habitual criminal statute essentially duplicates what's in the introductory part of the UUW by a felon statute. And that goes to after having been convicted of. In the UUW by a felon statute, there it has been convicted of any felony. In this statute, the armed habitual criminal statute, it is after the same language. Instead of has been convicted of, it's after having been convicted of a total of two or more of these specific felonies. That's why armed habitual criminal is a Class X. And here is the crucial difference. The defendant, for the first time in his reply brief and has emphasized it here at oral argument, talks about the Armed Career Criminal Act. It wasn't in his opening brief, but it was in his reply brief. But there is a simple difference between the Armed Habitual Criminal Act in federal law and the armed habitual criminal case statute in Illinois. The ACCA, the Armed Career Criminal Act, that is a sentencing statute. There is no Armed Career Criminal Act offense. It is simply a more severe offense for the possession of a gun under Section 922 of the U.S. Code. It is a sentence enhancement statute. Those prior, three prior felonies for the ACCA, those go to enhancing a normal sentence for what is the federal UUWI felon statute. That is the crucial difference here. And here, if this was, let's say, a robbery or a drug offense, and the state was looking to enhance the defendant's sentence to a Class X based on prior convictions, and one of those convictions was an unconstitutional AUUW, then the defendant's argument kicks in. Then it's being enhanced. It's not an element of the offense. Instead, it's a sentencing enhancement. And there, if it's being used solely as a sentencing enhancement and not an element of the offense, then Tucker and Vergat kick in, and that distinction kicks in when they're not elements of the offense. And, in fact, in other cases before this Court, the people have agreed in just that situation. The defendant is convicted of, say, a drug offense, and based on his background, he was sentenced as a Class X offender, and one of the reasons he was Class X was a prior AUW. The people conceded he couldn't have been done that because that's solely a sentencing enhancement, and there, reliability kicks in. The difference here is that for an individual criminal, those are elements. Those are elements of the offense, and that is not true of the ACCA. And that is the difference here. And that's why the rationale in Lewis and why the rationale in McFadden would not be avoided. So would you still suggest that the individual criminal statute, like unlawful use of weapons by a felon, is nothing more than a status statute? It is a status statute, and it has to do with the status of those felonies at the time. And, again, it cannot be avoided. The language in the individual criminal statute is that in structural part, before you get to what felonies, it's essentially the same. The only difference is the tense because we're talking about more than one felon. Has been convicted of a felony in UUW by a felon, and here it's after having been convicted of two or more particular felonies. The Interim Supreme Court found that past tense language in the UUW by a felon statute to be crucial. It showed that it mattered at the time of the offense, that the status of it at the time of the offense is what matters. I have a question for this. Would it make any sense, primarily, to say that a person commits the offense of being an individual criminal if he or she receives, sells, possesses, or transfers any firearm after has been convicted of a total of two or more? That makes no sense, primarily, does it? They always say has been convicted. So the only way to say it is having been convicted. That's correct. So the phrases are synonymous. They are synonymous, and there's really no way to read it any other way. The defendant says that there's synonymity here. There isn't. It says after having been convicted of, and that's essentially the same language as the UUW by a felon statute. And McFadden is clear on this point. When we're talking about a gun possession offense, and we're talking about an element of the offense being having been convicted of, you look at the status of it on that day. And as McFadden said, and as this court has quoted in all five published opinions applying it to an individual criminal, this part is quoted almost every time, and I'll quote it from Fields quoting McFadden, and this is important because it cannot be written around. This is from McFadden. It is axiomatic that no judgment, including the judgment of conviction, is deemed vacated until a court with a viewing authority is so declared. However, as with any conviction, a conviction is treated as valid until the judicial process is declared otherwise by direct appeal or collateral attack. Although ANGULAR may provide a basis for vacating the defendants prior, in that case 2002 AUW conviction, ANGULAR did not automatically overturn that judgment of conviction. And that is important here. It is the same type of language in the non-provincial criminal. They are both elements of the offense. The prior felony convictions are elements of the offense in both. If that has not been vacated by the time the defendant possesses that weapon, he is an armed habitual criminal. He has two of these qualifying convictions in his background. Again, it's important to note, again, about that armed habitual criminal, that Armed Career Criminal Act, that is a sentencing enhancement statute. It refers only to, here's the part from, right from the court, from the Federal Statute, the ACCA. In the case of a person who violates section 922G and has three previous convictions by any court referred to in section 922G1, that is the Federal UUW by felon statute. For a violent felony or serious drug offense committed on different occasions, such persons will be in prison not less than 15 years. And so it's referring specifically to 922G1. That is the UUW by felon statute for the Federal Court. So this is simply, it is not a separate offense. A person is not charged with the offense of ACCA. They're charged with being a felon in possession and then their sentence is enhanced, just like it would be enhanced to a Class X, depending on background for a drug offense. So here, Your Honors, it's separate law. Every time this Court has had a published opinion on it and others, this Court has unanimously held that armed habitual criminal McFadden applies here and controls. And noteworthy, the defendants have been filing PLAs on all of these. And it started with Perkins. That was the first one. And that's been denied. They've all been denied. I expect a week from tomorrow we'll get another lit PLA list and we'll see how many of the published ones that are on that list are on it. I want to be clear about something. It is the State's position that if we affirm the armed habitual criminal act, that the unlawful possession of a firearm by a street gang member falls under one act, one crime. That's correct, Your Honor. There was only one firearm system. Okay. For these reasons and those in the brief, we ask that this Court affirm his armed habitual criminal conviction. Thank you. Counsel Rebo? Your Honors, I don't think the legislature sees a difference between the ACCA and the AHC, since enhancements versus elements. There is no difference in federal process law between those two things as we know from our funding. They're the same crime. Cousteau's answer is bad. I'd like to take the idea that it's axiomatic that a conviction is valid until vacated. That's not true. We know that's not true because of Cousteau's, but more than Cousteau's, we know that Tucker says you can't use these prior bad convictions to get out of a tube. But Bryant says it. You can't use a prior conviction that's invalid for Gideon reasons as to prove a prior felony element of a service event. If this axiomatic language from McCadam were correct, that would be incorrect. I just want to conclude by asking this Court to focus on Bryant. Bryant is a recidivist offense led by the AHC. If you commit domestic assault while having two prior convictions for certain crimes, then you are guilty. Those are elements in Bryant. Bryant dealt with elements. And then they went through all the analysis we're going through today, which would have been pointless if the state's theory were correct and that it only mattered, while it mattered, was the status of the conviction that was valid until it was reversed. The reason that Bryant court did that analysis is because you cannot use a prior felony, invalid felony, to prove an element of a recidivist offense or to enhance punishment. Thank you, Your Honor. Counsel, thank you. The matter will be taken under advisement and opinion will issue.